Lynn Hubbard III, SBN 69773
Scottlynn J Hubbard IV, SBN 212970
Anthony M. Bettencourt, SBN 289361
**DISABLED ADVOCACY GROUP, APLC**
12 Williamsburg Lane
Chico, California 95926
Telephone: (530) 895-3252
Facsimile: (530) 894-8244

Counsel for Plaintiff Martin Vogel

United States District Court

Central District of California

| | |
|---|---|
| Martin Vogel, | Case No. 13-cv-00842-ODW-PJW |
| Plaintiff, | |
| v. | **Plaintiff's Motion to Strike Affirmative Defenses in Huntington Oaks Delaware Partners LLC's Answer** |
| Huntington Oaks Delaware Partners LLC, | |
| Defendant. | Date: July 8, 2013 |
| | Time: 1:30 p.m. |
| | Room: 11 – Spring Street Level |
| | Hon. Otis D. Wright, II |

# Table of Contents

**Table of Contents**...................................................................................i

**Table of Authorities**...........................................................................iv

**Background** .......................................................................................... 1

**Discussion** ............................................................................................ 1

    **A.**    **Striking of Factually Insufficient Defenses**................................ 2

        1.    First Affirmative Defense
            (failure to state a cause of action)............................... 3

        2.    Sixth Affirmative Defense
            (failure to mitigate) ................................................... 3

        3.    Eighth Affirmative Defense
            (laches) ...................................................................... 4

        4.    Ninth Affirmative Defense
            (waiver) ..................................................................... 4

        5.    Eighteenth Affirmative Defense
            (justification or privilege) .......................................... 4

        6.    Twenty-First Affirmative Defense
            (undue hardship) ........................................................ 4

        7.    Twenty-Second Affirmative Defense
            (not readily achievable) ............................................. 5

        8.    Twenty-Third Affirmative Defense
            (fundamental alteration)............................................. 5

    **B.**    **Striking of Legally Insufficient Defenses** ..................................... 6

        1.    Second Affirmative Defense
            (no damage or injury) ................................................ 6

         2.    Third Affirmative Defense
            (conduct of others) .................................................... 7

         3.    Fourth Affirmative Defense
            (conduct of complaining party) ................................. 7

*Vogel v. Huntington Oaks Delaware Partners, LLC*    Case No. 13-cv-00842-ODW-PJW
**Plaintiff's Motion to Strike Affirmative Defenses in Defendant's Answer**

i

4.   Seventh Affirmative Defense (unclean hands) ........................................................ 8

5.   Tenth Affirmative Defense (estoppel) ........................................................ 8

6.   Seventeenth Affirmative Defense (no causal connection) ........................................................ 9

7.   Nineteenth Affirmative Defense (serial plaintiff) ........................................................ 9

8.   Twentieth Affirmative Defense (substantial compliance) ........................................................ 10

9.   Twenty-Sixth Affirmative Defense (additional defenses) ........................................................ 11

C.   **Striking of Impertinent Defenses** ........................................................ **12**

1.   Eleventh Affirmative Defense (duties discharged) ........................................................ 12

2.   Twelfth Affirmative Defense (assumption of risk) ........................................................ 12

3.   Thirteenth Affirmative Defense (comparative negligence) ........................................................ 13

4.   Fourteenth Affirmative Defense (unconscionability) ........................................................ 13

5.   Fifteenth Affirmative Defense (force majeure) ........................................................ 14

6.   Sixteenth Affirmative Defense (impossibility) ........................................................ 15

7.   Twenty-Fifth Affirmative Defense (direct threat) ........................................................ 15

*Vogel v. Huntington Oaks Delaware Partners, LLC*          Case No. 13-cv-00842-ODW-PJW
**Plaintiff's Motion to Strike Affirmative Defenses in Defendant's Answer**

ii

**D.** **Striking of Redundant Defenses** ................................................. **16**

   1.   Fifth Affirmative Defenses
(conduct of others / complaining party) ................................ 16

   2.   Twenty-Fourth Affirmative Defense
(serial plaintiff) ....................................................................... 16

**Conclusion** ............................................................................................. **16**

*Vogel v. Huntington Oaks Delaware Partners, LLC*       Case No. 13-cv-00842-ODW-PJW
**Plaintiff's Motion to Strike Affirmative Defenses in Defendant's Answer**

iii

# Table of Authorities

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................ 2

*Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*,
    718 F.Supp.2d 1167 (N.D. Cal. 2010) ................................ 2, 3, 10, 16

*Bell Atl. Corp. v Twombly*,
    550 U.S. 554 (2007) .................................................... 2, 8, 16

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
    631 F.3d 939 (9th Cir. 2011) ........................................... 6, 11

*Conley v. Gibson*,
    355 U.S. 41 (1957) ........................................................ 3

*Fantasy, Inc. v. Forgery*,
    984 F.2d 1524 (9th Cir. 1993) ........................................... 12

*Feezor v. California Grills, Inc.*,
    2013 WL 866505 (E.D. Cal. 2013) ....................................... 3

*Fortyune v. Am. Multi-Cinema, Inc.*,
    364 F.3d 1075 (9th Cir. 2004) ........................................... 5

*Harris v. Stonecrest Care Auto Ctr., LLC*,
    472 F.Supp.2d 1208 (S.D. Cal. 2007) ................................... 8

*Knight v. Jewett*,
    3 Cal.4th 296 (Cal. 1992) ............................................... 12

*Kohler v. Bed Bath & Beyond of Cal., LLC*,
    2012 WL 424377 (C.D. Cal. 2012) ..................................... 1

*Kohler v. Big 5 Corp.*,
    2012 WL 1511748 (C.D. 2012) ......................................... 13

*Vogel v. Huntington Oaks Delaware Partners, LLC*    Case No. 13-cv-00842-ODW-PJW
**Plaintiff's Motion to Strike Affirmative Defenses in Defendant's Answer**

iv

*Kohler v. Islands Rest., LP*,

    280 F.R.D. 560 (S.D. Cal. 2012)................................................... 3, 13

*Long v. Coast Resorts, Inc.*,

    267 F.3d 918 (9th Cir. 2001).............................................................. 11

*McKennon v. Nashville Banner Publ'q Co.*,

    513 U.S. 352 (1995) .............................................................................. 8

*Molski v. M.J. Cable, Inc.*,

    481 F.3d 724 (9th Cir. 2007).............................................................. 11

*Munson v. Del Taco, Inc.*,

    46 Cal.4th 661 (2009).......................................................................... 6

*Qarbon.com Inc. v. eHelp Corp.*,

    315 F. Supp. 2d 1046 (N.D. Cal. 2004) .............................................. 1

*See Havens Realty Corp. v. Coleman*,

    455 U.S. 363 (1982) ............................................................................ 7

*Sidney-Vinson v. A.H. Robins Co.*,

    697 F.2d 880 (9th Cir. 1983)............................................................... 1

*Solis v. Zenith Capital, LLC*,

    2009 WL 1324051 (N.D. Cal. 2009)................................................. 11

*United States v. AMC Entm't, Inc.*,

    232 F.Supp.2d 1092 (C.D. Cal. 2002)........................................ 13, 14

*Vogel v. Linden Optometry APC*,

    2013 WL 1831686 (C.D. Cal. 2013)............................................ 3, 13

*Wilson v. Haria & Gogri Corp.*,

    479 F.Supp.2d 1127 (E.D. Cal. 2007)............................................... 11

*Wilson v. Pier 1 Imports, Inc.*,

    411 F.Supp.2d 1196 (E.D. Cal. 2006)............................................... 10

*Vogel v. Huntington Oaks Delaware Partners, LLC*       Case No. 13-cv-00842-ODW-PJW
**Plaintiff's Motion to Strike Affirmative Defenses in Defendant's Answer**

v

*Wyshak v. City Nat'l Bank*,

    607 F.2d 824 (9th Cir. 1979)............................................................ 2, 5

**Statutes**

42 U.S.C. § 12112(b)(6) ................................................................ 15

42 U.S.C. § 12113(b)..................................................................... 15

42 U.S.C. § 12181(9)...................................................................... 5

42 U.S.C. § 12182(a) ................................................................... 7, 9

42 U.S.C. § 12182(b)(1)(A)(i)........................................................ 14

42 U.S.C. § 12182(b)(2)(A)(ii).................................................... 5, 6

42 U.S.C. § 12182(b)(2)(A)(iii)....................................................... 5

42 U.S.C. § 12182(b)(2)(A)(iv)....................................................... 5

**Other Authorities**

Anderson & Holober, *Preventing Inconsistencies in Litigation with a*

    *Spotlight on Insurance Coverage Litigation: The Doctrines of*

    *Judicial Estoppel, Equitable Estoppel, Quasi-Estoppel, Collateral*

    *Estoppel, "Mend the Hold," "Fraud on the Court" and Judicial and*

    *Evidentiary Admissions*,

    4 CONN. INS. L.J. 589, 733 (1998)................................................... 9

Ann Taylor Schwing, *California Affirmative Defenses*,

    3 CAL. AFFIRMATIVE DEF. § 55:5 (2013) ........................................ 13

Ann Taylor Schwing, *California Affirmative Defenses*,

    3 CAL. AFFIRMATIVE DEF. § 58:5 (2013) ........................................ 15

Joseph A. Seiner, *Plausibility Beyond the Complaint*,

    53 WM. & MARY L. REV. 987 (2012)............................................... 2

Melanie A. Goff & Richard A. Bales, *A "Plausible" Defense: Applying*

    *Twombly & Iqbal to Affirmative Defenses*,

    34 AM. J. TRIAL ADVOC. 603 (2011)............................................... 2

*Vogel v. Huntington Oaks Delaware Partners, LLC*            Case No. 13-cv-00842-ODW-PJW
**Plaintiff's Motion to Strike Affirmative Defenses in Defendant's Answer**

vi

RICHARD A. LORD, WILLISTON ON CONTRACTS,

    § 77:31 (4th ed. 2013) ........................................................ 14

WILLIAM A. MASTERSON,

    CALIFORNIA CIVIL PRACTICE – BUSINESS LITIGATION,

    § 27:21 (2013) .................................................................. 12

**Rules**

FED. R. CIV. P. 12(f) ............................................................. 1

FED. R. CIV. P. 12(f)(2) ......................................................... 3

FED. R. CIV. P. 15 .............................................................. 11

FED. R. CIV. P. 8(b)(6) ....................................................... 7, 9

**Regulations**

28 C.F.R. § 36.104 .............................................................. 5

**Internet Sources**

http://translate.google.com/translate_t?bav=on.2,or.r_cp.r_qf.&bvm=bv.473

    80653,d.cGE&biw=1280&bih=899&um=1&ie=UTF-

    8&hl=en&sl=en&tl=fr&text=does+not+apply&client=ob ............... 14

http://www.collinsdictionary.com/dictionary/french-english/cas-de-force-

    majeure ........................................................................ 14

*Vogel v. Huntington Oaks Delaware Partners, LLC*    Case No. 13-cv-00842-ODW-PJW
**Plaintiff's Motion to Strike Affirmative Defenses in Defendant's Answer**

vii

**Background**

On May 14, 2013, Huntington Oaks Delaware Partners LLC ("Huntington Oaks") filed its answer to Martin Vogel's ("Vogel") complaint for damages, injunctive and declaratory relief, and attorney fees and costs under (1) Title III of the Americans with Disabilities Act of 1990 ("ADA"), (2) California's Disabled Persons Act ("CDPA"), (3) the Unruh Civil Rights Act ("Unruh Act"), and (4) Part 5.5 of the California Health & Safety Code. In response, Huntington Oaks pleaded twenty-six affirmative defenses. All defenses fail – as explained in greater detail below – because they are factually insufficient, legally insufficient, impertinent, and/or redundant. Thus, Vogel moves to strike all affirmative defenses under Rule 12(f) of the Federal Rules of Civil Procedure.

**Discussion**

The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *Sidney-Vinson v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Where a court strikes an affirmative defense for factual insufficiency, leave to amend should be freely given so long as there is no prejudice to the moving party – but courts routinely strike with prejudice those defenses that fail for more serious reasons. *See Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004); *see also Kohler v. Bed Bath & Beyond of Cal., LLC*, 2012 WL 424377 (C.D. Cal. 2012) (striking seven affirmative defenses with prejudice, granting leave in others).

\\

*Vogel v. Huntington Oaks Delaware Partners, LLC*          Case No. 13-cv-00842-ODW-PJW
**Plaintiff's Motion to Strike Affirmative Defenses in Defendant's Answer**

1

**A.     Striking of Factually Insufficient Defenses**

As a preliminary matter, Vogel asks the Court to strike deficient affirmative defenses under *Bell Atlantic Corporation v. Twombly* and *Ashcroft v. Iqbal* (an "all-pleadings approach"), which requires the pleading of plausible allegations. *See* 550 U.S. 554 (2007); 556 U.S. 662 (2009). The Court should adopt an all-pleadings approach because it is the majority rule. *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1171 (N.D. Cal. 2012)   ("the vast majority of courts presented with the issue have extended *Twombly*'s heightened pleading standard to affirmative defenses"). Most federal district courts apply it, and many scholarly articles advocate for it.[1] Thus, Huntington Oaks' affirmative defenses should be stricken where implausible.

Huntington Oaks' affirmative defenses, however, may also be stricken under the lower pleading standard articulated in *Wyshak v. City Nat'l Bank*, 607 F.2d 824 (9th Cir. 1979). There, the Ninth Circuit held that "[t]he key to determining the sufficient of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Id.* at 827. In evaluating a statute of limitations affirmative defense, the Ninth Circuit found notice was provided only because defendant identified the code section the defense relied upon. *Id.* Thereby, under *Wyshak*, notice requires identifying the grounds supporting an affirmative defense. Here, Huntington Oaks pleaded twenty-six affirmative defenses, all of which are bare-bone recitations of defensive doctrines; void of facts and conclusory in nature. Should defenses

---

[1]  Joseph A. Seiner, *Plausibility Beyond the Complaint*, 53 WM. & MARY L. REV. 987 (2012) ("a frivolous affirmative defense could prove quite expensive for plaintiffs to debunk[.]");
Melanie A. Goff & Richard A. Bales, *A "Plausible" Defense: Applying Twombly & Iqbal to Affirmative Defenses*, 34 AM. J. TRIAL ADVOC. 603 (2011) ("the plausibility standard is most logically and fairly applied when enforced upon pleadings by both plaintiffs and defendants")

like these remain, Vogel would be required to conduct expensive, irrelevant discovery and thereby suffer undue prejudice. *Barnes*, 718 F.Supp.2d at 1173.

Under either standard, Huntington Oaks' affirmative defenses are factually insufficient and should be stricken under Rule 12(f). FED. R. CIV. P. 12(f)(2). Eight defenses stand above the rest for their failure to identify the basis for their claims. These are:

1.   First Affirmative Defense (failure to state a cause of action)

Huntington Oaks alleges Vogel's complaint fails to state a cause of action. This defense fails. Most courts require that this affirmative defense "must at least give notice of the grounds upon which it rests." *Kohler v. Staples the Office Superstore, LLC*, 2013 WL 544058, *3 (S.D. Cal. 2013) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Kohler v. Islands Rest., LP*, 280 F.R.D. 560, 567 (S.D. Cal. 2012). Other courts hold that failure to state a cause of action is not a true affirmative defense but a separate Rule 12(b)(6) motion. *Feezor v. California Grills, Inc.*, 2013 WL 866505, *2 (E.D. Cal. 2013); *see also Vogel v. Linden Optometry APC*, 2013 WL 1831686, *4 (C.D. Cal. 2013) (striking failure to state a claim as both not an affirmative defense and factually insufficient). Under either interpretation, it is clear that something more, than the doctrine alone, must be pleaded. Here, Vogel alleged four causes of action against Huntington Oaks. (*Compl*.). The defense is factually insufficient because it does not state a basis for why any cause of action fails.

2.   Sixth Affirmative Defense (failure to mitigate)

Huntington Oaks alleges Vogel failed mitigate damages. Yet, courts routinely require defendants to state the basis for how the plaintiff failed to mitigate damages. *Staples the Office Superstore, LLC*, 2013 WL 544058, at

*Vogel v. Huntington Oaks Delaware Partners, LLC*                    Case No. 13-cv-00842-ODW-PJW
**Plaintiff's Motion to Strike Affirmative Defenses in Defendant's Answer**

3

*4. Here, Huntington Oaks merely states the definition of the doctrine but fails to provide notice of the basis for the defense. For example, does defendant allege that Vogel failed to utilize alternative forms of access? Since the defense does not state the grounds for Vogel's purported failure to mitigate, it should be stricken as failing to provide notice.

3.    <u>Eighth Affirmative Defense (laches)</u>

Huntington Oaks alleges the affirmative defense of laches. Again, similar bare-bones pleadings of laches are consistently found to be factually insufficient because "a reference to a doctrine … is insufficient notice." *Id*. at *3. Here, defendant identifies the doctrine of laches yet fails to identify any grounds for this defense. Thus, the defense should be stricken.

4.    <u>Ninth Affirmative Defense (waiver)</u>

Huntington Oaks alleges the affirmative defense of wavier. Yet, such bare-bones pleadings are insufficient because "a reference to a doctrine … is insufficient notice." *Id.* at *3. Here, defendant fails to identify the grounds wavier relies upon. Thus, it is factually insufficient.

5.    <u>Eighteenth Affirmative Defense (justification or privilege)</u>

Huntington Oaks alleges that its conduct was justified or privileged. Yet, a generalized reference to some "justification" or "privilege" is unintelligible as an affirmative defense; those terms could refer to any one of several possible defensive doctrine. Without identifying the doctrine pleaded, defendant fails to provide notice.

6.    <u>Twenty-First Affirmative Defense (undue hardship)</u>

Huntington Oaks alleges that removal of access barriers would pose an undue hardship. Vogel believes defendant is referring to the affirmative defense of undue burden which excepts ADA compliance where the provision of auxiliary aids would pose a "significant difficulty or expense."

42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.104, at 461 (1991) (defining undue burden). The C.F.R. lays out a five factor test to determine if an undue burden exists; none of those factors are addressed by defendant. *Compare Id.* (explaining five factor test) with (*Answer* [Doc. 9], 6) (failing to identify any grounds for the defense). Here, Vogel identified five access barriers. (*Compl.* ¶ 11). Yet, Huntington Oaks fails to identify which barriers the defense relates to. Without identifying even which barriers this defense relates to, plaintiff is without notice of the defense. Thus, the defense is factually insufficient.

7.   <u>Twenty-Second Affirmative Defense (not readily achievable)</u>

Huntington Oaks alleges that removal of access barriers is not readily achievable. While "not readily achievable" is an affirmative defense, it only applies where compliance with ADA Standards would cause "significant difficulty or expense." 42 U.S.C. §§ 12181(9), 12182(b)(2)(A)(iv). Yet here, and unlike the defendant in *Wyshak*, Huntington Oaks fails to identify the grounds for this defense – *i.e.* the barriers the defense applies to. *See* 607 F.2d at 827 (finding notice of a statute of limitations affirmative defense was provided when defendant identified the code sections relied upon). Thus, the defense is factually insufficient.

8.   <u>Twenty-Third Affirmative Defense (fundamental alteration)</u>

Huntington Oaks alleges that Vogel's requested accommodations would result in a fundamental alteration to defendant's business. Fundamental alteration is an affirmative defense to an ADA claim based on a discriminatory policy and practice. *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075 (9th Cir. 2004), *citing* 42 U.S.C. § 12182(b)(2)(A)(ii). To prevail on this affirmative defense, Huntington Oaks must show that the requested modification in its policies or practices would "alter the

fundamental nature of its business." *Id.* Huntington Oaks has not stated any basis for how complying with the ADA – *e.g.*, adding proper signage to the van accessible parking spaces, painting the words "no parking" in parking lot access aisles, etc. – would fundamentally alter its business. Without any basis for the defense defendant fails to provide notice.

**B.    Striking of Legally Insufficient Defenses**

Huntington Oaks pleaded a number of affirmative defenses that are legally insufficient under any set of facts. These should be stricken without leave to amend:

1.    <u>Second Affirmative Defense (no damage or injury)</u>

Huntington Oaks alleges that Vogel has not been "injured or damaged." This is incorrect because defendant fails to understand that access discrimination is an injury in-fact which, under state law, is compensated by statutory minimum damages. The Ninth Circuit holds that a facility's non-compliance with ADA Standards – building standards promulgated by the Department of Justice – constitutes an injury in-fact under the ADA, when those barriers relate to a plaintiff's disability. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 957-958 (9th Cir. 2011). The California Supreme Court holds that a violation of the ADA is a violation of both the Unruh Act and the CDPA. *Munson v. Del Taco, Inc.*, 46 Cal.4th 661, 696 (2009). Here, Vogel is a T-3 paraplegic and therefore must use a wheelchair while traveling in public. (*Compl*. ¶ 8). All five alleged access barriers relate to wheelchair use. (See Compl. ¶ 10). Thus, there are no sets of additional facts whereby Vogel has not received an injury in-fact under the ADA. This defense should be stricken as legally insufficient.

\\

\\

*Vogel v. Huntington Oaks Delaware Partners, LLC*          Case No. 13-cv-00842-ODW-PJW
**Plaintiff's Motion to Strike Affirmative Defenses in Defendant's Answer**

6

2.     Third Affirmative Defense (conduct of others)

Huntington Oaks alleges that Vogel's damages are the result of the conduct of others. Even if true, however, this is a legally insufficient defense because the ADA's prohibitions against discrimination apply to "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Whether Huntington Oaks caused the access barriers is unimportant, only that defendant "owns, leases, or operates" the public accommodation with barriers. Earlier in its answer Huntington Oaks admitted that it "owns, operates, and/or leases" the facility. (*Answer* [Doc. 9], 1-2) (failing to deny ¶ 8 of the complaint); *see also* FED. R. CIV. P. 8(b)(6) (failure to deny an allegation is considered an admission). Thus, Huntington Oaks is liable for its facility's noncompliance with ADA Standards even if that noncompliance was caused by the conduct of others.

3.     Fourth Affirmative Defense (conduct of complaining party)

Huntington Oaks alleges that Vogel's recovery is barred because of the "willful, intentional, and deliberate conduct of Plaintiff." While plaintiff's counsel is not entirely sure of what exactly this defense is alleging, it appears that defendant is claiming Vogel purposefully encountered access barriers and his claims are therefore be barred. However, even if defendant's allegations are true, this defense ultimately fails as legally insufficient. The United States Supreme Court holds that legal rights advocates – sometimes referred to as "testers" – do not lack standing if the harm they suffer is the type of harm the tested statute is intended to guard against. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373 (1982) (holding that, where statute conferred on all persons a legal right to truthful information about available housing, testers who had no intention of renting or purchasing a residence nevertheless had Article III standing to sue if they were denied the truthful

information they sought); *accord Harris v. Stonecrest Care Auto Ctr., LLC*, 472 F.Supp.2d 1208, 1218 (S.D. Cal. 2007). Here, the ADA is intended to afford equal access to facilities of public accommodation and a lack of equal access is exactly the harm Vogel suffered. Thus, the defense, as understood by plaintiff's counsel, is legally insufficient.

4.   <u>Seventh Affirmative Defense (unclean hands)</u>

Huntington Oaks alleges unclean hands. This defense fails for two reasons. First as legally insufficient because statute of limitations, not unclean hands, applies to ADA claims. *See McKennon v. Nashville Banner Publ'q Co.*, 513 U.S. 352, 360 (1995) (rejecting the unclean hands defense where a private suit serves an important government purpose). Second, even if the defense does apply to ADA cases, it is factually insufficient as pleaded because the "unclean-hands defense, like all others, must still provide fair notice to [plaintiff] of the grounds upon which it rests." *Staples the Office Superstore, LLC*, 2013 WL 544058, at *6. Here, Huntington Oaks fails to identify the grounds on which the defense rests. Thus, it is also factually insufficient.

5.   <u>Tenth Affirmative Defense (estoppel)</u>

Huntington Oaks' allegation of estoppel should be stricken for two reasons. First, should the Court adopt a *Twombly* all-pleading standard, this should be stricken as legally insufficient. Here, estoppel is an implausible defense – *i.e.* it is implausible to believe that Huntington Oaks erected five accessibility barriers because of some act or omission on the part of Vogel. *See* 550 U.S. at 549. Second, this defense should be stricken as factually insufficient. Courts consistently strike similar bare-bones pleadings because "a reference to a doctrine … is insufficient notice." *Staples the Office Superstore, LLC*, 2013 WL 544058, at *5. In the case of estoppel, there are

at least six different forms the doctrine may take. Anderson & Holober, *Preventing Inconsistencies in Litigation with a Spotlight on Insurance Coverage Litigation: The Doctrines of Judicial Estoppel, Equitable Estoppel, Quasi-Estoppel, Collateral Estoppel, "Mend the Hold," "Fraud on the Court" and Judicial and Evidentiary Admissions*, 4 CONN. INS. L.J. 589, 733 (1998). Without identifying any basis for this defense, beyond a vague allusion to "plaintiff's conduct," Huntington Oaks fails to provide notice of what type of estoppel is even alleged. Thus, the defense is also factually insufficient.

6.   <u>Seventeenth Affirmative Defense (no causal connection)</u>

Huntington Oaks alleges that defendant's conduct has no causal connection to Vogel's damages. Here again, even if that claim were true the defense is legally insufficient because the ADA's prohibitions against discrimination apply to "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Whether Huntington Oaks caused the access barriers is unimportant, only that defendant "owns, leases, or operates" the public accommodation with barriers. Huntington Oaks already admitted that it "owns, operates, and/or leases" the facility. (*Answer* [Doc. 9], 1-2) (failing to deny ¶ 8 of the complaint); *see also* FED. R. CIV. P. 8(b)(6) (failure to deny an allegation is considered an admission). Thus, Huntington Oaks is liable for its facility's noncompliance with ADA Standards even if that noncompliance was not caused by defendant.

7.   <u>Nineteenth Affirmative Defense (serial plaintiff)</u>

Huntington Oaks alleges that Vogel's claims should be barred because plaintiff "lacks standing" and "has filed dozens of similar lawsuits." This should be stricken for two reasons. First, the contention that if a plaintiff files

*Vogel v. Huntington Oaks Delaware Partners, LLC*                    Case No. 13-cv-00842-ODW-PJW
**Plaintiff's Motion to Strike Affirmative Defenses in Defendant's Answer**

9

"dozens of similar lawsuits" then defendant is precluded from liability is legally insufficient.[2] In fact, the promise of the ADA is primarily realized because of private actions. As other courts have recognized the number of lawsuits a plaintiff has filed "does not reflect that he is a vexatious litigant," but rather "the failure of the defendants to comply with the law." *Wilson v. Pier 1 Imports, Inc.*, 411 F.Supp.2d 1196, 1200 (E.D. Cal. 2006). Thus, the number of ADA suits Vogel has filed is a legally insufficient basis for this affirmative defense. Second, defendant's claim that plaintiff lacks standing is not a true affirmative defense. An affirmative defense precludes liability even if all elements of a plaintiff's claim are proven. *Barnes,* 718 F.Supp.2d at 1173-1174. Standing, on the other hand, is an issue of justiciability that must be maintained throughout the case or controversy. Standing cannot be waived by defendant. Thus, this defense should also be stricken as procedurally improper because standing is not an affirmative defense.

8.     Twentieth Affirmative Defense (substantial compliance)

Huntington Oaks alleges that its facility is in substantial compliance with all relevant laws. Yet, if "substantial compliance" means "insubstantial noncompliance" then this affirmative defense is legally insufficient. The Ninth Circuit soundly rejects the premise that hypertechnical or *de minimis* deviations from the ADA Standards do not result in discrimination against the disabled. In case after case, the Ninth Circuit has been prolific and vocal in its support for hypertechnical ADA claims, opining that violations of the ADA Standards result in the very discrimination the ADA seeks to prevent:

---

[2]  This is a perfect example of why notice requires defendants to identify the basis relied upon. An otherwise valid doctrine may be legally insufficient if applied to improper grounds.

they deny individuals with disabilities access to public accommodations.[3] The ADA Standards do not contemplate dimensional tolerances. Non-compliance with ADA Standards violates the ADA. *Chapman*, 631 F.3d at 957-958. A violation of the ADA is a *per se* violation of both the Unruh Act and CDPA. *Munson*, 46 Cal.4th at 696. Here, Vogel identified five access barriers – instances of non-compliance with ADA Standards – at the Huntington Oaks facility. (*Compl.* ¶ 11). Thus, non-compliance, however slight, creates civil liability and defendant's reliance on non-existent dimensional tolerances is legally insufficient.

9.    <u>Twenty-Sixth Affirmative Defense (additional defenses)</u>

        Huntington Oaks attempts to reserve the right to assert additional defenses. Yet, such attempts are "inappropriate under the Federal Rules." *Staples the Office Superstore, LLC*, 2013 WL 544058, at *8. An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself. *Solis v. Zenith Capital, LLC*, 2009 WL 1324051, 7 (N.D. Cal. 2009). Instead, if at some later date Huntington Oaks seeks to add or amend affirmative defenses, it must comply with Rule 15. *Id.*; Fed. R. Civ. P. 15. Thus, this defense should be stricken without leave to amend.

\\

\\

\\

---

[3]  *Chapman,* 631 F.3d at 945-946 ("The [ADA Standards'] requirements are as precise as they are thorough, and the difference between compliance and noncompliance with the standard of full and equal enjoyment established by the ADA is often a matter of inches."); *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 732, n.5 (9th Cir. 2007) ("Although the ADA's requirements are highly technical, they are essential to serve a core function of all civil rights laws: ensuring that the arenas of civic life are open to everyone."); *Long v. Coast Resorts, Inc.*, 267 F.3d 918, 923 (9th Cir. 2001); *accord Wilson v. Haria & Gogri Corp.*, 479 F.Supp.2d 1127, 1140 (E.D. Cal. 2007) (finding no basis in law for distinguishing between "real" ADA violations and merely unintentional "technical" violations).

**C.**      **Striking of Impertinent Defenses**

Under Rule 12(f) impertinent matters may also be stricken from a pleading. The Ninth Circuit defined impertinent matters as unresponsive or irrelevant to the issues that arise in the action and which are inadmissible as evidence. *Fantasy, Inc. v. Forgery*, 984 F.2d 1524, 1527 (9th Cir. 1993) *rev'd on other grounds*, 510 U.S. 517, 534-35 (1994). Here, seven defenses are unresponsive to the complaint and should be stricken without leave to amend:

1.      Eleventh Affirmative Defense (duties discharged)

Huntington Oaks alleges that "any duties imputed to it … have been discharged." Yet, discharge is not an affirmative defense to disability access claims. Instead, it is an affirmative defense to breach of contract. *See* WILLIAM A. MASTERSON, CALIFORNIA CIVIL PRACTICE – BUSINESS LITIGATION, § 27:21 (2013) (describing the affirmative defense of discharge). Here, the complaint does not include allegations of breach of contract. The defense is unresponsive to the complaint, and should therefore be stricken as impertinent.

2.      Twelfth Affirmative Defense (assumption of risk)

Huntington Oaks alleges that "plaintiff assumed the risk … and that the damages complained of, if any, were the result of Plaintiff's agreement to assume such risk." Defendant is describing the assumption of risk doctrine, which is a defense to negligence based torts. *See Knight v. Jewett*, 3 Cal.4th 296 (Cal. 1992) (describing the affirmative defense of assumption of risk). The defense is impertinent because Vogel did not allege negligence based claims.

\\

\\

\\

3.     Thirteenth Affirmative Defense (comparative negligence)

Huntington Oaks alleges the defense of comparative negligence. Yet, Courts consistently strike such negligence based affirmative defenses because "the ADA is clear that a public accommodation is responsible for its own violations of the ADA." *United States v. AMC Entm't, Inc.*, 232 F.Supp.2d 1092, 1118 (C.D. Cal. 2002); *see also Vogel v. Linden Optometry APC*, 2013 WL 1831686, *4 (C.D. Cal. 2013) (striking comparative negligence defense as impertinent); *Staples the Office Superstore, LLC*, 2013 WL 544058, at *4 (striking comparative negligence and third party conduct affirmative defenses); *Kohler v. Big 5 Corp., 2012 WL 1511748*, *3 (C.D. 2012) (striking with prejudice contributory negligence defense); *Islands Rests., LP*, 280 F.R.D. at n. 1 (noting defendant voluntarily withdrew comparative negligence defense in opposition brief). The defense is impertinent because Vogel did not allege negligence based claims.

4.     Fourteenth Affirmative Defense (unconscionability)

Huntington Oaks alleges the defense of unconscionability. Yet, this defense applies to issues of contract formation. *See* Ann Taylor Schwing, *California Affirmative Defenses*, 3 CAL. AFFIRMATIVE DEF. § 55:5 (2013) (describing the affirmative defense of unconscionability). Since Vogel's complaint includes no elements of contract formation this defense is impertinent.

\\
\\
\\
\\
\\
\\

5.     Fifteenth Affirmative Defense (force majeure)

Huntington Oaks alleges "Force Majeure." This defense fails for two reasons. First, if defendant is pleading this defense against Vogel then it is impertinent because Force Majeure[4] n'applique pas.[5] Force Majeure, refers to a contract clause which limits liability upon the occurrence of some unlikely event. *See* RICHARD A. LORD, WILLISTON ON CONTRACTS, § 77:31 (4th ed. 2013). Yet, Vogel's complaint includes no elements of contract law. The defense is unresponsive when pleaded against Vogel and should therefore be stricken as impertinent. Second, if defendant is attempting to limit its liability under the ADA by way of contract with a third party (i.e. the operator of defendant's facility), then the defense is legally insufficient. The ADA is clear in that "a public accommodation is responsible for its own violations of the ADA, and that such violations cannot be contracted away." *AMC Entm't, Inc.*, 232 F.Supp.2d at 1118 (C.D. Cal. 2002) (*citing* 42 U.S.C. § 12182(b)(1)(A)(i) which states that a public accommodation may not discriminate against "an individual or class of individuals on the basis of a disability ... directly, or through contractual, licensing, or other arrangements"). Thus, the defense is legally insufficient to the extent defendant is alleging its liability is limited by contract.

\\

\\

\\

---

[4]  "Force Majeure" is French for "act of God."
    http://www.collinsdictionary.com/dictionary/french-english/cas-de-force-majeure

[5]  "N'applique pas" is also French, for "does not apply."
    http://translate.google.com/translate_t?bav=on.2,or.r_cp.r_qf.&bvm=bv.47380653,d.cGE&biw=1280&bih=899&um=1&ie=UTF-8&hl=en&sl=en&tl=fr&text=does+not+apply&client=ob

6.      Sixteenth Affirmative Defense (impossibility)

Huntington Oaks alleges Vogel's claims are barred by impossibility. Yet, here again, impossibility is an affirmative defense to breach of contract. *See* Ann Taylor Schwing, *California Affirmative Defenses*, 3 CAL. AFFIRMATIVE DEF. § 58:5 (2013). Since this defense is unresponsive to the complaint it is impertinent.

7.      Twenty-Fifth Affirmative Defense (direct threat)

Huntington Oaks alleges compliance with the ADA would result in a "direct threat to Defendant or others." This defense should be stricken for two reasons. First, if the Court adopts a *Twombly* all-pleadings standard this defense may be stricken as implausible – *i.e.* it is implausible to believe that (for example) level disabled parking spaces, without slopes or cross-slopes in excess of 2%, would be a direct threat to defendant's safety.[6] Thus, this defense may be stricken as implausible. Second, the defense is impertinent because it is unresponsive to Vogel's complaint. The complaint alleges violations of Title III of the ADA and related state laws. On the other hand, direct threat is an exception to the requirements in Title II of the ADA. That section prohibits "using qualification standards … that screen out or tend to screen out" disabled individuals from employment. 42 U.S.C. § 12112(b)(6). Direct threat is an affirmative defense to Title II's prohibition against qualifications "shown to be job-related and consistent with business necessity," which "may include a requirement that an individual shall not pose a direct threat to the health or safety of other individuals in the workplace[.]" *Id.* at § 12113(b). Since Vogel's complaint alleges violations of Title III of the ADA, not Title II, this defense is impertinent.

---

[6] Though such features are a form of discrimination to Vogel, a wheelchair user (*Compl.* ¶ 11)

**D.    Striking of Redundant Defenses**

Where a defendant restates defenses that exist in earlier parts of the pleading, those defenses are redundant pursuant to Rule 12(f) and should be stricken "so as to simplify and streamline the litigation." *Barnes*, 718 F.Supp.2d at 1174. Here, two affirmative defenses advance arguments identical to those pleaded earlier. These should be stricken as redundant:

1.    <u>Fifth Affirmative Defenses (conduct of others / complaining party)</u>

Huntington Oaks alleges that Vogel's claims should be barred because the conduct of others, or plaintiff's own conduct, was the cause of plaintiff's damages. This defense is a combination of the third affirmative defense (conduct of others) and the fourth affirmative defense (conduct of complaining party). Thus, this defense should be stricken as redundant. *Id*.

2.    <u>Twenty-Fourth Affirmative Defense (serial plaintiff)</u>

Huntington Oaks' twenty-fourth affirmative defense is identical to defendant's nineteenth. It should be stricken as redundant. *Id.*

**Conclusion**

For the reasons stated above, Vogel asks the Court to strike Huntington Oaks' deficient affirmative defenses as: (1) factually insufficient, (2) legally insufficient, (3) impertinent, and/or (4) redundant. With respect to those that are factually insufficient, Vogel asks the Court to direct Huntington Oaks to replead under the *Twombly* standard, where leave to amend is granted. *See* 550 U.S. at 549.

Dated: June 4, 2013               DISABLED ADVOCACY GROUP, APLC


*/s/     Lynn Hubbard III, Esq.    /*
LYNN HUBBARD III
Attorney for Plaintiff