O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARTIN VOGEL,

                Plaintiff,

    v.

HUNTINGTON OAKS
DELAWARE PARTNERS, LLC,

          Defendant.

Case No. 2:13-cv-842-ODW(MANx)

**ORDER GRANTING PLAINTIFF'S
MOTION TO STRIKE
AFFIRMATIVE DEFENSES [11]**

## I.    INTRODUCTION

Plaintiff Martin Vogel's Complaint alleges that Defendant Huntington Oaks Delaware Partners, LLC failed to maintain accessible facilities in violation of state and federal laws, including the Americans with Disabilities Act. In response, Huntington submitted its Answer, which included the following 26 affirmative defenses: (1) failure to state a claim; (2) no damage or injury; (3) damage result of conduct of others; (4) recovery barred by conduct of complaining party; (5) recovery barred by conduct of complaining party or third party; (6) failure to mitigate; (7) unclean hands; (8) laches; (9) waiver; (10) estoppel; (11) duties discharged; (12) assumption of risk; (13) comparative negligence; (14) unconscionability; (15) force majeure; (16) impossibility; (17) no causal connection; (18) justification or privilege; (19) drive-by/serial plaintiff-lack of standing; (20) substantial compliance;

(21) undue hardship; (22) not readily achievable; (23) demands would fundamentally alter business; (24) direct threat; (25) drive-by/serial plaintiff-lack of standing; and (26) additional defenses.

Vogel now moves to strike Huntington's affirmative defenses under Federal Rule of Civil Procedure 12(f).  (ECF No. 11.)  For the following reasons, Vogel's Motion is **GRANTED**.[1]

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(f), a court has discretion to strike a pleading or portions of the pleading.  *Fed. Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 243 (9th Cir. 1990).  Rule 12(f) allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Impertinent allegations are those that are not relevant to issues involved in the action.  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993).  Immaterial matters are those with no essential or important relationship to the pleaded claims or defenses.  *Id.*

An affirmative defense may be insufficient as a matter of pleading or as a matter of law.  It may be insufficiently pleaded where it fails to provide the plaintiff with fair notice of the defense asserted.  *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  It also may be insufficient as a matter of law where "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed."  *Ganley v. Cnty. of San Mateo*, No. C06-3923 TEH, 2007 U.S. Dist. LEXIS 26467, at *3 (N.D. Cal. Mar. 22, 2007).  And because the purpose of pleading an affirmative defense is simply to give fair notice to the plaintiff of the defense being asserted, leave to amend should be freely granted in the absence of prejudice to the opposing party.  *Wyshak*, 607 F.2d at 826–27.

---

[1] Having carefully considered the papers in support of and opposition to the motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

### III.   DISCUSSION

The parties dispute whether *Wyshak*'s fair-notice requirement still controls the pleading of affirmative defenses in light of *Twombly* and *Iqbal*.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  In *Twombly*, the Supreme Court held that in order to survive a motion to dismiss, a complaint must contain enough facts to state a claim that is plausible on its face.  550 U.S. at 570.  Vogel argues that *Twombly*'s plausibility standard extends to all pleadings.  (Mot. 2.)  Huntington counters that affirmative defenses need only comply with *Wyshak*'s fair-notice requirement.  (Opp'n 4–5.)

Neither the Supreme Court nor the Ninth Circuit has expressly held that the plausibility requirement applies to affirmative defenses, and the issue has divided the district courts of this Circuit.  The majority of district courts in this Circuit, including the entire Northern District and this Court, has consistently applied *Twombly* and *Iqbal* to both claims and affirmative defenses.  *Powertech Tech., Inc. v. Tessera, Inc.*, No. C 10-945 CW, 2012 U.S. Dist. LEXIS 68711, at *11 (N.D. Cal. May 16, 2012) (collecting cases and noting uniformity in Northern District dispositions); *Gonzalez v. Heritage Pac. Fin., LLC*, No. 2:12-cv-01816-ODW (JCGx), 2012 U.S. Dist. LEXIS 112195, at *4 (C.D. Cal. Aug. 08, 2012).

Framing the issue as a choice between *Twombly*'s plausibility standard and *Wyshak*'s fair-notice standard is misleading, because *Twombly* merely revised the fair-notice standard on which *Wyshak* is based.  In *Wyshak*, the Ninth Circuit adopted the prevailing fair-notice standard for pleading complaints and applied it to affirmative defenses.  *Wyshak*, 607 F.2d at 827 (citing *Conley v. Gibson*, 355 U.S. 41, 47–48 (1957)).  At the time, fair notice was defined by *Conley v. Gibson*, which held that dismissal was warranted only if it appeared clear to the court that there were "no set of facts" that would entitle the plaintiff to relief.  355 U.S. at 45–46.  But *Conley* is no longer good law.  *Twombly* and *Iqbal* soundly rejected the "no set of facts" standard by holding that fair notice requires the pleading of factual matter that creates a

1    plausible right to relief.  *Twombly*, 550 U.S. at 563, 570.  Labels, conclusions, or
2    formulaic recitals of the elements of a cause of action do not suffice.  *Iqbal*, 556 U.S.
3    at 678.

4           As a result, *Twombly* "changed the legal foundation underlying" *Wyshak*, and
5    *Twombly*'s plausibility requirement should apply to affirmative defenses just as
6    *Conley*'s "no set of facts" standard did before *Twombly* was decided.  *Powertech*,
7    2012 U.S. Dist. LEXIS 68711, at *12.  In reaching this decision, the Court recognizes
8    that nowhere in the text of *Twombly*, *Iqbal*, nor *Conley* does the Supreme Court
9    discuss affirmative defenses.   But simply because the issue was not before the
10   Supreme Court does not mean *Twombly*'s logic applies with any less force to
11   affirmative defenses.

12          As courts have observed, there are significant parallels between Rule 8's
13   requirement for pleading claims in a complaint and affirmative defenses in an answer.
14   *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167,
15   1172 (N.D. Cal. 2010); *compare* Fed. R. Civ. P. 8(a) (requiring a "short and plain
16   statement of the claim showing that the pleader is entitled to relief"), *with* Fed. R. Civ.
17   P. 8(b) (requiring a defendant to state in "short and plain terms its defenses to each
18   claim asserted against it").   Because a defendant bears the burden of proof on its
19   affirmative defense just as a plaintiff does on its claim, *Twombly*'s conception of fair
20   notice would seem to apply equally to both.   *Powertech*, 2012 U.S. Dist. LEXIS
21   68711, at *13.

22          Huntington proffers four arguments for continuing to applying *Conley*'s retired
23   fair-notice standard to affirmative defenses.  First, Huntington argues that there are
24   significant linguistic and procedural differences between the rules for complaints and
25   answers that compel applying a lower standard to affirmative defenses.  (Opp'n 6.)
26   Second, it argues that applying *Twombly* and *Iqbal* to affirmative defenses places an
27   unfair burden on defendants, who have a mere 21 days to formulate a response to a
28   complaint.  (*Id.* at 7.)  Third, it points to the absence of appellate authority deciding

1   the issue.  (*Id.* at 8.)  Finally, Huntington notes that some courts in this district have

2   continued to apply a lenient notice standard.  (*Id.* at 7–9.)

3        The Court is not persuaded with any of these arguments.  The lack of appellate

4   authority neither compels nor cautions against applying *Twombly* to affirmative

5   defenses.  Similarly, a split among district courts is not independent justification for

6   anything.

7        Further, courts have long applied the same pleading standard to both claims and

8   defenses, irrespective of the linguistic or procedural differences between Rule 8(a) and

9   8(b).   *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004)

10   (noting that "affirmative defenses are governed by the same pleading standards as

11   complaints").  And as for any unfair burden placed on defendants because of the 21-

12   day limitation, this is part and parcel of being a defendant or defense counsel—they

13   are always on their heels.  Even so, courts readily allow supplemental pleading of

14   affirmative defenses when doing so would not prejudice the plaintiff.  *Simmons v.*

15   *Navajo Cnty.*, 609 F.3d 1011, 1023 (9th Cir. 2010).  Thus, any real or perceived

16   prejudice is largely a red herring.

17        The Court therefore reaffirms what it has said previously: *Twombly*'s

18   plausibility standard applies to affirmative defenses.  *Ross v. Morgan Stanley Smith*

19   *Barney,* LLC, No. 2:12-cv-09687-ODW (JCx), 2013 U.S. Dist. LEXIS 47841, at *6

20   (C.D. Cal. April 2, 2013); *Heritage*, 2012 U.S. Dist. LEXIS 112195, at *5–6;

21   *Gonzalez v. Preferred Freezer Servs., LBF, LLC*, No. CV 12-3467 ODW (FMO),

22   2012 U.S. Dist. LEXIS 93015, at *6 (C.D. Cal. July 5, 2012).  Requiring a defendant

23   to bolster its affirmative defenses with *some* factual support comports with *Iqbal*'s

24   message that discovery should not be used as a fishing expedition.  *Iqbal*, 556 U.S. at

25   678–79.  It also serves the purpose of discouraging the commonplace practice of

26   asserting every possible affirmative defense, even those that are entirely irrelevant to a

27   plaintiff's claim. *Barnes*, 718 F. Supp. 2d at 1172.

28   / / /

1   Turning to the merits of this Motion, Vogel contends that each of Huntington's
2   26 affirmative defenses is either factually insufficient, legally insufficient, or
3   impertinent.  The Court agrees.

4   **A.    Factually insufficient defenses**

5   Vogel brings claims under four state and federal statutes, with his ADA claim
6   consisting of five separate causes of action.  Huntington fails to link a single
7   affirmative defense to a specific claim, and its Answer fails to provide factual support
8   for any of them.  Instead, the Answer provides a barebones recitation of legal
9   doctrines, leaving Vogel to guess how they apply to his claims.

10   For example, Huntington's eighth affirmative defense asserts that Vogel's claim
11   is barred by laches, yet it provides no grounds for the defense.   (Answer 3.)
12   Huntington also contends that its conduct was "justified or privileged under the
13   circumstances alleged in Plaintiff's [C]omplaint."  (*Id.* at 5.)  But it is unclear why this
14   is the case, or what part of Vogel's conduct created the justification or privilege.
15   Similarly, Huntington's ninth affirmative defense alleges that "Plaintiff has waived
16   any and all claims against Defendant," but provides no support for this contention
17   whatsoever.  (*Id.* at 4.)  The Court could go on, but every affirmative defense suffers
18   from the same malady.

19   **B.    Affirmative defenses that aren't affirmative defenses**

20   In addition to failing pleading standards, some of Huntington's affirmative
21   defenses are not affirmative defenses at all.   An affirmative defense absolves a
22   defendant of liability "even where the plaintiff has stated a prima facie case for
23   recovery."  *Quintana v. Baca*, 233 F.R.D. 562, 564 (C.D. Cal. 2005).  An attack on a
24   plaintiff's case-in-chief is not an affirmative defense.  *Zivkovic v. S. Cal. Edison Co.*,
25   302 F.3d 1080, 1088 (9th Cir. 2002).

26   Huntington's first affirmative defense argues that the Complaint fails to state a
27   cause of action.  (Answer 2.)  But failure to state a claim is not an affirmative defense;
28   it is a defect in a plaintiff's claim and not an additional set of facts that would bar

recovery notwithstanding the plaintiff's valid prima facie case.  *Barnes*, 718 F. Supp. 2d at 1174.  Huntington's second affirmative defense alleging "no damage or injury" is also not an affirmative defense because it merely points to a defect in Vogel's case. (Answer 2.)   Likewise, Huntington's twenty-fourth affirmative defense is not an affirmative defense—it just asserts that Vogel lacks standing.  (*Id.* at 7.)   And Huntington's twenty-sixth affirmative defense simply reserves the right to assert unspecified defenses later.  This is not a defense at all, affirmative or otherwise.

**C.    Impertinent defenses**

As Vogel correctly points out, some of Huntington's affirmative defenses are impertinent to Vogel's claims.  Huntington's third and thirteenth affirmative defenses assert third-party responsibility and comparative negligence.  (*Id.* at 2, 4.)   Yet the ADA clearly holds "a public accommodation . . . responsible for its own violations." *United States v. AMC Entm't, Inc.*, 232 F. Supp. 2d 1092, 1118 (C.D. Cal. 2002). Thus, even if a third party caused the barriers or Vogel was somehow negligent, neither fact would absolve Huntington of liability.

Huntington also proffers the affirmative defenses of assumption of risk, duties discharged, unconscionability, force majeure, and impossibility.  Vogel asks the Court to strike these affirmative defenses without granting leave to amend because they are defenses to torts and contracts, not ADA claims.  (Mot. 12–15.)   While the Court shares Vogel's doubts about the relevance of these affirmative defenses, leave to amend should be freely granted absent prejudice to the moving party.  *Wyshak*, 607 F.2d at 826.   Vogel has not made a sufficiently strong showing of prejudice to disallow leave to amend.

**IV.    CONCLUSION**

In state court, lawyers routinely file kitchen-sink affirmative defenses. Apparently it is condoned.  In federal court, greater adherence to the rules is required. This sort of junk-pleading is unacceptable.

/ / /

Thus, for the reasons stated above, Vogel's Motion to Strike Affirmative Defenses is **GRANTED**.  (ECF No. 11.)  The Court hereby **STRIKES** each one of Huntington's affirmative defenses but **GRANTS** it leave to file an amended answer by July 16, 2013.

Although Huntington is permitted to recast its affirmative defenses, it must include more than conclusory recitations of legal doctrines.  Huntington is further advised to carefully consider whether the affirmative defenses it chooses to reassert actually apply to Vogel's claims.  Finally, the Court hereby warns Huntington that inadequately plead affirmative defenses run afoul of Federal Rule of Civil Procedure 11 and may expose its attorneys to sanctions.

**IT IS SO ORDERED.**

July 2, 2013

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**